IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3159-D

| | | |
|---|---|---|
| CHARLES ROBERT BAREFOOT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEORGE E.B. HOLDING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Charles Robert Barefoot, Jr. ("Barefoot" or "plaintiff") seeks compensatory and punitive damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Barefoot named as defendants United States Attorney George E.B. Holding, Jr. ("Holding"), Assistant United States Attorney Eric David Goulian ("Goulian"), Bureau of Alcohol, Tobacco, Firearms and Explosives Agent Steven Babbitts ("Babbitts"), and Federal Bureau of Investigations Agent Thomas Sobsesinskie ("Sobsesinskie"). Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On August 13, 2009, the court directed Barefoot to particularize his claims [D.E. 9]. On August 28, 2009, Barefoot filed an amended complaint [D.E. 10]. Plaintiff also filed three discovery motions [D.E. 11, 12, 13]. For the reasons explained, the court vacates the Clerk of Court's March 19, 2009 order concerning payment of the filing fees [D.E. 8], directs the Clerk of Court to refund to plaintiff's prisoner trust fund account all monies received in connection with this action, and denies plaintiff's application to proceed in forma pauperis [D.E. 2]. The court dismisses the action without prejudice under 28 U.S.C. § 1915(g) and denies as moot plaintiff's motion for the production of documents [D.E. 11] and motions to compel discovery [D.E. 12, 13].

I.

Barefoot, a pretrial detainee, is the self-described "founder" and "pastor" of the "Church, of, the, Nations, Knights, of, the, Ku, Klux, Klan, Inc." See Am. Compl. 11–12. Barefoot is being held at the Federal Medical Center in Butner, North Carolina, pending restoration of his competency to stand trial for federal charges in connection with a conspiracy to blow up the Johnston County Sheriff's office and state murder charges. See Barefoot v. Revell, No. 5:09-HC-2091-D, at 2–3 (E.D.N.C. Feb. 18, 2010) (unpublished) (summarizing Barefoot's criminal and competency proceedings). Upon preliminary screening of Barefoot's original complaint, the court concluded that plaintiff's allegations were "essentially unintelligible and fantastic" and ordered Barefoot to particularize his claims. See Barefoot v. Holding, No. 5:08-CT-3159-D, at 2 (E.D.N.C. Aug. 13, 2009) (unpublished). In the order to particularize, the court directed Barefoot to "mention briefly the specific events and correlating dates which are the bases for the suit, the constitutional rights violated, the injuries sustained, and which defendant allegedly inflicted the injury." Id. The court also ordered Barefoot to "provide each defendant with fair notice of the claims asserted against him." Id. On August 28, 2009, Barefoot filed an amended complaint in response to the court's order [D.E. 10].

The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

2

Barefoot has filed at least three cases that the United States District Court for the Eastern District of North Carolina ("Eastern District") has dismissed as frivolous. These dismissals include: Barefoot v. King, No. 5:07-CT-3038-D (E.D.N.C. Apr. 20, 2007) (unpublished) (dismissing 42 U.S.C. § 1983 action as frivolous), appeal dismissed, No. 07-6702 (4th Cir. Oct. 15, 2007) (clerk's order) (unpublished); Barefoot v. Thorton, No. 5:06-CT-3109-H, 2007 WL 2990913, at *1 (E.D.N.C. Apr. 18, 2007) (unpublished) (dismissing 42 U.S.C. § 1983 action as frivolous), aff'd, 235 Fed. Appx. 149 (4th Cir. 2007) (per curiam) (unpublished); Barefoot v. Ellis, No. 5:06-CT-3123-D (E.D.N.C. Feb. 12, 2007) (unpublished) (dismissing 42 U.S.C. § 1983 action as frivolous), appeal dismissed, No. 230 Fed. Appx. 314 (4th Cir. 2007) (per curiam) (unpublished).

On September 20, 2007, the Fourth Circuit determined that Barefoot had filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim. See Barefoot v. King, No. 07-6702 (4th Cir. Sept. 20, 2007) (clerk's order) (unpublished). Subsequently, the Fourth Circuit again denied Barefoot leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) because "[he] had reached the statutory limit for filing or appealing such civil actions under the Prison Litigation Reform Act," and had not "made a colorable showing that he [was] in imminent danger of serious physical injury." Barefoot v. Thornton, No. 09-7279, at 1–2 (4th Cir. Aug. 11, 2009) (clerk's order) (unpublished). Under the three-strikes rule, this court also dismissed Barefoot's allegations in another action. See Martinez v. Harrison, No. 5:08-CT-3169-D (E.D.N.C. Aug. 26, 2009) (unpublished).[1]

---

[1] Barefoot is a prolific (albeit unsuccessful) litigant. See, e.g., Barefoot v. Revell, No. 5:09-HC-2091-D (E.D.N.C. Feb. 17, 2010) (unpublished) (dismissing petition for writ of habeas corpus without prejudice), appeal docketed, No. 10-6695 (4th Cir. May 11, 2010); Barefoot v. Holding, No. 5:08-HC-2179-BO (E.D.N.C. Apr. 27, 2009) (unpublished) (dismissing petition for writ of habeas corpus without prejudice); Barefoot v. Polk, No. 5:06-CT-3100-BO (E.D.N.C. Feb. 14, 2008) (unpublished) (granting summary judgment in favor of defendants). In addition, to the instant action,

3

Because Barefoot is a three striker, Barefoot must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Barefoot's amended complaint remains essentially unintelligible and fantastic. Barefoot claims that defendants have violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and the Freedom of Information Act. See Am. Compl. 2. Barefoot asserts that defendants searched and seized property without a warrant, probable cause, or consent and planted tainted evidence. Id. at 4–8, 11, 13. Barefoot also alleges that Holding and Goulian ("the prosecutors") withheld exculpatory evidence from him. Id. at 1–3, 6, 8–9, 11–15. Barefoot claims that the federal government pursued additional charges solely to prevent him from posting bond in his state court proceedings. Id. at 9. Barefoot also asserts that the prosecutors deprived him of his right to a speedy trial. Id. at 2, 10–11. As for Babbitts and Sobsesinskie ("the federal agents"), Barefoot claims that they engaged in covert operations, provided perjured testimony against him, and offered money and witness protection to individuals in return for their cooperation and false

---

Barefoot has several pending cases in the Eastern District. See, e.g., Pet. for Writ of Habeas Corpus, Barefoot v. Revell, No. 5:10-HC-2030-FL (E.D.N.C. Mar. 1, 2010); Compl., Barefoot v. Pettit, No. 5:09-CT-3148-BO (E.D.N.C. Aug. 21, 2009); Compl., Barefoot v. Derry, No. 5:09-CT-3143-FL (E.D.N.C. Aug. 19, 2009); Compl., Barefoot v. Goulian, No. 5:08-CT-3162-D (E.D.N.C. Dec. 1, 2008); Compl., Barefoot v. Polk, No. 5:07-CT-3029-D (E.D.N.C. Feb. 20, 2007); Compl., Barefoot v. Pickett, No. 5:06-CT-3113-FL (E.D.N.C. Oct. 27, 2006); Compl., Barefoot v. Thorton, No. 5:06-CT-3112-BO (E.D.N.C. Oct. 27, 2006).

testimony. Id. at 3, 7, 12–15. Barefoot also accuses the federal agents of spying and failing to compensate him for the taking of his property for public use. Id. at 3, 7. In addition, Barefoot claims that defendants committed "felon[]y larceny" by violating "valid official restra[i]ni[n]g orders" in using his "$90,000.00," "Ford F-350 4 door extended cab Red, C[h]romed out turbo charged [d]uelly [sic] [p]ickup [t]ruck," allegedly awarded to him by the Johnston County District Court, "to run up and [d]own I-95 highway in interstate commerce without any signed consent." Id. at 7–8. In addition, Barefoot alleges that defendants broke their "commercial contract" or "plea bargain" which provided "total (IMMUNITY) [sic]," by bringing additional charges and refusing to take him to see his dying mother. Id. at 8–9. According to Barefoot, defendants engaged in religious and racial discrimination against him. Id. at 11–12. Barefoot also claims that defendants interviewed approximately 4000 people about his case, and 32 federal witnesses in North Carolina are now deceased. Id. at 15. Plaintiff complains that he was denied the right to cross examine these witnesses because of prosecutorial misconduct. Id.

Barefoot's amended complaint contains no allegation that he is under imminent danger of serious physical injury. See Am. Compl. Accordingly, Barefoot has failed to make a colorable showing that this action should proceed under the exception to the three-strikes rule. See 28 U.S.C. § 1915(g). Therefore, the court vacates the Clerk of Court's March 19, 2009 order concerning payment of the filing fees [D.E. 8] and denies plaintiff's application for leave to proceed in forma pauperis [D.E. 2]. The court directs the Clerk of Court to refund to plaintiff's prisoner trust fund account all monies received in connection with this action. The court dismisses this action without prejudice. See 28 U.S.C. § 1915(g). Having dismissed this action without prejudice, the court denies as moot plaintiff's motion for the production of documents [D.E. 11] and motions to compel [D.E. 12, 13].

5

II.

For the reasons stated, the court VACATES the Clerk of Court's March 19, 2009 order concerning payment of the filing fees [D.E. 8], DIRECTS the Clerk of Court to refund to plaintiff's prisoner trust fund account all monies received in connection with this action, and DENIES plaintiff's application to proceed in forma pauperis [D.E. 2]. The court DISMISSES without prejudice plaintiff's action under 28 U.S.C. § 1915(g) and DENIES as moot plaintiff's motion for the production of documents [D.E. 11] and motions to compel discovery [D.E. 12, 13]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 14 day of June 2010.

JAMES C. DEVER III
United States District Judge